UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAVIN DESAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 3621 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| HANMI BANK, successor in interest to United Central Bank, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Navin Desai guaranteed a loan for 1050 Sibley Boulevard, LLC ("1050 Sibley"), which was secured by property in Calumet City. After 1050 Sibley defaulted on the loan, the bank filed a foreclosure proceeding in state court and ultimately obtained a judgment against Desai. Desai now files this suit against Hanmi Bank ("Hanmi"), which took over the loan, arguing that Hanmi breached the terms of the loan by failing to properly supervise and protect the mortgaged property prior to its sale. Desai also claims that Hanmi breached the covenant of good faith and fair dealing by withholding approval for short sales, failing to require the receiver to properly collect rent from tenants of the property, and failing to maintain the property and make necessary repairs. Hanmi has moved to dismiss Desai's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court agrees with Hanmi that *res judicata* bars Desai's claims, which arise from the same group of operative facts as those in the state court foreclosure proceeding, the Court grants Hanmi's motion and dismisses Desai's complaint.

# BACKGROUND[1]

In April 2003, 1050 Sibley, of which Desai was a manager and member, obtained a loan from Mutual Bank of Harvey, Illinois ("Mutual Bank"). 1050 Sibley secured the loan with property located at 1050 Sibley Boulevard, Calumet City, Illinois, consisting of a retail strip mall with twelve tenant spaces and dedicated parking. Desai, with several others, guaranteed the loan. 1050 Sibley and Mutual Bank entered into a loan modification in April 2008, signing a new promissory note. Desai's guarantee continued in force.

On July 31, 2009, the Illinois Department of Financial Professional Regulation closed Mutual Bank, appointing the Federal Deposit Insurance Corporation as its receiver. That same day, United Central Bank ("UCB") purchased Mutual Bank's assets, including the loan on the property. Several weeks earlier, on July 18, 2009, 1050 Sibley stopped making payments on the loan, prompting UCB to file a foreclosure suit against 1050 Sibley and the guarantors of the loan, including Desai, in November 2009. At the time, UCB claimed that 1050 Sibley owed it $711,056.86 on the loan.

During the pendency of the foreclosure proceedings, 1050 Sibley, Desai, and the other guarantors sought to arrange a short sale of the property in exchange for UCB releasing its claim and lien on the property. But UCB rejected a December 2012 offer to purchase the property for $600,000. On July 15, 2013, UCB filed a motion for default and foreclosure on the property, along with a motion to appoint a receiver, Collateral Trustee, to manage the property and collect

---

[1] The facts in the background section are taken from Desai's complaint and exhibits attached thereto and are presumed true for the purpose of resolving Hanmi's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court also takes judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997); *Arthur Anderson LLP v. Fed. Ins. Co.*, No. 06 C 1824, 2007 WL 844632, at *1 (N.D. Ill. Mar. 16, 2007) ("[A]s the basis for dismissal is *res judicata*, the court takes judicial notice of pleadings, orders, and trial transcripts from previous litigation between the parties.").

rent. The court approved the appointment of the receiver on September 25, 2013. At the time, the property generated approximately $9,275 per month in rent from six tenants. But thereafter, rental income decreased. Desai and others continued to seek a short sale, ultimately obtaining UCB's approval for such a sale in February 2014. Two of the tenants had failed to make their rent payments, however, and the short sale fell through. Rental income from the property continued to fall, and the receiver took little action to manage the property.

In August 2014, Hanmi purchased UCB, making Hanmi UCB's successor in interest on the loan. In March 2015, the receiver reported to the court that all six tenants had defaulted on their rental obligations. In April 2015, Hanmi rejected a short sale offer for the property and obtained a judgment against 1050 Sibley and Desai for $1,658,781.54. Hanmi then placed the property up for auction, with the property showing negative cash income at that time. The property sold on May 26, 2014 for $245,001. The court entered an order approving the foreclosure report of sale and distribution on June 30, 2015. In that order, it entered a deficiency judgment against 1050 Sibley, Desai, and the other guarantors for $1,435,457.17. The court also discharged the receiver upon the sale of the property.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Hanmi raises several arguments for why the Court should dismiss Desai's complaint, but the Court need only address the first, that *res judicata* bars Desai's claims in this action. *Res judicata* is an affirmative defense, but the Court can consider it under Rule 12(b)(6) where the plaintiff has pleaded himself out of court through the allegations in his complaint. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). The Court applies Illinois law on *res judicata* because Hanmi seeks to give preclusive effect to proceedings that occurred in Illinois state court. *See Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). *Res judicata* applies here if (1) the state court rendered a final judgment on the merits, (2) the identity of the parties or their privies is the same in this suit as in the state court proceeding, and (3) the claims in this and the state court proceeding are the same. *Id.* Hanmi bears the burden of proving that *res judicata* applies. *Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996).

The parties do not contest the first and second elements, leaving only the third—whether the claims Desai raises in this proceeding are considered the same as those in the state court proceeding. Illinois uses a transactional test to determine whether the causes of action are the same, with separate claims "considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893, 184 Ill. 2d

290, 234 Ill. Dec. 783 (1998). *Res judicata* applies even to claims not raised in a prior action if they were available and could have been raised in the prior action. *Id.*

Having reviewed the record, the Court finds that Desai bases all his claims in this case on the same group of operative facts at issue in the state foreclosure proceeding. Desai's claims stem from the foreclosure process, raising concerns about the way Hanmi and the receiver managed the loan during the foreclosure process. While Desai contends that he could not have raised issues with Hanmi's and the receiver's actions during the foreclosure proceeding, he presents no valid basis to support this argument. Indeed, the claims in this case could have been asserted as defenses or counterclaims in the state court proceedings, but instead of raising them then, Desai and his co-defendants chose to raise other affirmative defenses related to Mutual Bank's wrongful conduct. *See Cabrera v. First Nat'l Bank of Wheaton*, 753 N.E.2d 1138, 1145, 324 Ill. App. 3d 85, 257 Ill. Dec. 512 (2001) (*res judicata* "bars claims based on facts that would have constituted a counterclaim or defense in the earlier proceeding where successful prosecution of a later action would either nullify the earlier judgment or impair the rights established in the earlier action"). Desai cannot now legitimately argue that the claims he currently seeks to pursue did not become ripe until Hanmi obtained the deficiency judgment because the allegations of the complaint, as well as the receiver's reports attached to the complaint, indicate that Desai knew of Hanmi's and the receiver's actions prior to the entry of judgment in the state court case. *See Bartucci v. Wells Fargo Bank N.A.*, No. 14 CV 5302, 2016 WL 1161283, at *5 (N.D. Ill. Mar. 24, 2016) (fact that alleged unlawful conduct arose after the filing of the foreclosure action did not prevent application of *res judicata*).

Desai's citations to cases holding that a mortgagee may proceed first with a foreclosure proceeding and then later to recover any deficiency from a guarantor do not apply to this

5

situation. *See* Doc. 14 at 3–4 (citing *LP XXVI, LLV v. Goldstein*, 811 N.E.2d 286, 289–90, 349 Ill. App. 3d 237, 285 Ill. Dec. 45 (2004); *Citicorp Savs. of Ill. v. Ascher*, 554 N.E.2d 409, 411, 196 Ill. App. 3d 570, 143 Ill. Dec. 474 (1990); *Du Quoin State Bank v. Daulby*, 450 N.E.2d 347, 348–49, 115 Ill. App. 3d 183, 70 Ill. Dec. 874 (1983)). In those cases, the mortgagee had not obtained deficiency judgments against both the mortgagor and guarantor in the underlying foreclosure proceeding, choosing instead to only pursue foreclosure of the property. *See LP XXVI*, 811 N.E.2d at 289–90 (citing to *Citicorp Savs. of Ill.* and *Du Quoin State Bank*). Therefore, *res judicata* did not prevent the mortgagee from proceeding against the guarantor. In the underlying state court case here, however, Hanmi not only obtained the foreclosure of the property but also deficiency judgments against both the mortgagor and guarantors. Even Desai's cited cases acknowledge that Hanmi could validly pursue both remedies. *LP XXVI*, 811 N.E.2d at 289–90 ("[U]pon default, the mortgagee is allowed to choose whether to proceed on the note or guaranty or to foreclose upon the mortgage. 'These remedies may be pursued consecutively or concurrently.'" (quoting *Farmer City State Bank v. Champaign Nat'l Bank*, 486 N.E.2d 301, 306, 138 Ill. App. 3d 847, 93 Ill. Dec. 200 (1985))). Moreover, this case does not involve a mortgagee attempting to collect on a loan and a guaranty but instead the guarantor trying to avoid a deficiency judgment. The Court finds no support for extending the reasoning of Desai's cases to such a situation. Instead, the Court finds that Desai could have raised his claims in the foreclosure action as they addressed Hanmi's ability to foreclose on the property. *See Medrano v. Ocwen Loan Servicing, LLC*, No. 16 C 898, 2017 WL 413614, at *7 (N.D. Ill. Jan. 31, 2017) (*res judicata* barred claims that defendants did not properly review loan modification application, leading to foreclosure on plaintiff's home); *Lihter v. Pierce*, No. 16 C 50080, 2016 WL 4771370, at *3 (N.D. Ill. Sept. 13, 2016) (claims related to the conduct of the foreclosure

6

case barred by *res judicata*).  Therefore, *res judicata* applies to bar Desai from proceeding on his claims in this suit.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Hanmi Bank's motion to dismiss [8].  The Court dismisses Desai's complaint with prejudice.

Dated: October 23, 2018

_____
SARA L. ELLIS
United States District Judge